**Victoria NASH, Plaintiff,**

v.

**CITY OF OAKWOOD, OHIO, Defendant.**

**No. C–3–80–375.**

United States District Court,
S. D. Ohio, W. D.

April 29, 1982.

Steven Fitten, Dayton, Ohio, for plaintiff.

Neil Freund, Brian Weaver, Dayton, Ohio, for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE VII AND OMNIBUS CRIME CONTROL AND SAFE STREETS ACT CLAIMS; MOTION SUSTAINED

RICE, District Judge.

On April 26, 1982, this Court held a hearing and received documentary evidence, concerning Defendant's motion to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964, and under the Omnibus Crime Control and Safe Streets Act of 1968. Having considered the evidence and arguments proffered at the hearing, this Court sustains the Defendant's motion to dismiss the Plaintiff's claims brought under those two statutory enactments.

## I. DISMISSAL OF TITLE VII CLAIM

Title VII requires that charges of discrimination be filed with the Equal Employment Opportunity Commission (EEOC), or the applicable state agency (here, the Ohio Civil Rights Commission (OCRC)), within 300 days after the alleged act of discrimination occurs. 42 U.S.C. § 2000e–5(e). The Supreme Court recently held that this time limit, for filing charges with the EEOC or the OCRC, is subject to waiver, estoppel, or equitable tolling. *Zipes v. Trans World Airlines, Inc.*, —— U.S. ——, 102 S.Ct. 1417, 71 L.Ed.2d 643 (1982). Similarly, Title VII requires that any civil action be filed in federal court within 90 days after the EEOC has given a "right-to-sue" notice. 42 U.S.C. § 2000e–5(f)(1). This 90-day limit is also subject to waiver, estoppel, or equitable tolling. *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981).

■ In the case herein, Plaintiff filed her original complaint on September 12, 1980 (some six days after the alleged discriminatory impact), which set forth a Title VII claim, even though she had neither filed a charge of discrimination with the OCRC or the EEOC, nor received a right to sue letter from the latter agency. In her amended complaint, filed on July 14, 1981, Plaintiff alleges that she filed charges with the EEOC on September 29, 1980. The record indicates that, in fact, Plaintiff filed a charge with the OCRC on September 29, 1980. Pursuant to what is apparently accepted practice, the Court will assume that said charge was also referred to the EEOC, on or shortly after that date. Plaintiff also alleges that she was issued a right to sue letter by the EEOC. Said letter, attached as an exhibit to the amended complaint, indicates that it was issued on January 7, 1981. When Plaintiff filed her amended complaint containing her Title VII action on July 14, 1981, it was long after the 90-day period, subsequent to issuance of the right to sue letter on January 7, 1981, had expired.

To excuse her failure to adhere to the Title VII filing requirements, Plaintiff relies on both estoppel and equitable tolling theories. Under the estoppel theory, Plaintiff relies on two letters from Neil Freund, Defendant's trial attorney, to the Dayton, Ohio, office of the EEOC. (Said letters were received and marked as exhibits at the aforementioned hearing.) In a letter dated October 13, 1980, Mr. Freund wrote that because of Ms. Nash's pending litigation in this Court, he would "assume that [the EEOC] will withdraw from the case." In a letter dated October 27, 1980, Mr. Freund again raised the issue of the EEOC's jurisdiction, and suggested that since Plaintiff had not complied with the Title VII procedures, the EEOC had no jurisdiction to hold a fact-finding conference. He closed the letter by asking that he be "advised promptly" if his belief concerning Plaintiff's failure to comply with Title VII procedures was in error. At the hearing, Mr. Freund stated that he received no further communication from the EEOC after his October 27, 1980, letter.

■ Based on these materials, Plaintiff suggests that Defendant "opposed" the EEOC's conciliation efforts, and that Defendant should be estopped from contending that she failed to follow proper Title VII procedures. Plaintiff is incorrect. First, it was Plaintiff who muddled the

procedural posture of the Title VII action by filing in this Court before filing with the EEOC or the OCRC. In addition, Mr. Freund's letters hardly represent efforts to oppose or stymie actions by the EEOC. Rather, they are efforts to understand the jurisdictional posture of the Title VII action. Thus, Defendant should not be estopped from contesting this Court's jurisdiction of the Title VII claim.

▮ Plaintiff also argues that any failure to adhere to the Title VII procedural requirements should be excused because of the doctrine of equitable tolling. First, her attorney states that he filed first in this Court, before filing with the OCRC, because he intended to obtain immediate, injunctive relief. At the outset, the Court notes that Plaintiff's attorney never, in fact, moved to obtain such relief. Moreover, it is very doubtful that Plaintiff could have obtained such relief, since no existing employment relationship existed between Plaintiff and Defendant. *Jerome v. Viviano Food Co., Inc.,* 489 F.2d 965 (6th Cir. 1974) (per curiam). A case cited by Plaintiff, *Federoff v. Walden,* 17 FEP Cases 91 (S.D.Ohio 1978), is simply not on point, since in that action injunctive relief was granted to a plaintiff who was fired (i.e., the existing employment relationship was severed) by his employer, apparently in retaliation for having filed a charge of discrimination with the EEOC.

Second, Plaintiff argues that any timeliness problems should be excused, since she did, eventually, receive her right-to-sue letter. Plaintiff's position would be far stronger had she filed an amended complaint within 90 days after receiving the letter on January 7, 1981. Nothing in the record indicates that this Court, or opposing counsel, misled or induced Plaintiff into waiting until July 14, 1981, to file the Title VII claim. As noted in this Court's Entry of March 25, 1982, (slip op. at 2), Plaintiff apparently amended her complaint on said date in response to this Court's decision of June 30, 1981, which suggested that she could set forth further facts to support a claim of racial discrimination. The June 30,

1981, decision did not mention the failure to adhere to the 90-day filing limit of Title VII, and did not intimate that the same would be excused.

In a case with identical procedural facts to the case herein, the Court refused to allow the Title VII claim to be heard. *Stewart v. City of Pontotoc,* 461 F.Supp. 767, 774–76 (N.D.Miss.1978). The *Stewart* court suggested that if the Plaintiff therein had attempted to amend her complaint within 90 days of receiving the right to sue letter, a different result could obtain, since the Title VII requirements would, in effect, be adhered to. The *Stewart* decision also expressly rejected several cases cited by Plaintiff herein, *e.g., Spirit v. Teachers Ins. & Annuity Ass'n of America,* 416 F.Supp. 1019 (S.D.N.Y.1976); *Black Musicians of Pittsburgh v. Local 60–471,* 375 F.Supp. 902 (W.D.Pa.1974), *aff'd without opinion,* 544 F.2d 512 (3d Cir. 1976), which held that eventual receipt of a right to sue notice (regardless of when that notice is received vis a vis the filing of the complaint in court) has the effect of "ratifying" a prior filed suit. To follow these cases, *Stewart* held, would simply ignore the Title VII filing requirements. 461 F.Supp. at 775. Indeed, these concerns were expressed in another case cited by Plaintiff, which (apparently) had procedural facts identical to the case herein, but reached a result contrary to the *Stewart* decision. *Vinson v. Taylor,* 23 FEP Cases 37 (D.D.C.1980). In a holding which the Court itself described as dictum (since the Title VII claim was denied on the merits), the *Vinson* Court held that ultimate receipt of a right to sue letter was sufficient. However, the Court admitted that it had "not exhaustively researched the issue," and, in fact, suggested that its holding was dubious, since it would permit plaintiffs to bypass the EEOC. *Id.* at 40.

The Sixth Circuit recently stated that equitable tolling "is not an escape valve through which jurisdictional requirements will evaporate since '[t]he tolling of the statutory periods on equitable grounds is usually very much restricted.' " *Brown v. Mead Corp.,* 646 F.2d 1163, 1165 (6th Cir.

1981). Such an escape valve should not apply in the case herein, since the facts in this case do not indicate that waiver, estoppel, or equitable tolling is appropriate. Nor, in this case, would initial recourse to the EEOC have necessarily been a futile effort. Defendant's attorney, as indicated by the aforementioned letters, only questioned the appropriateness of a fact-finding conference because he was unsure of the procedural posture of the Title VII action. Had Plaintiff, in the first instance, filed with the OCRC or the EEOC, this confusion would have been avoided, conciliation efforts may have been more successful and, perhaps, the court proceeding herein would have been unnecessary. This catalogue of steps, not taken in this case, demonstrate that a party bringing a charge of discrimination should not take the Title VII procedural requirements lightly.

Accordingly, Defendant's motion to dismiss the Title VII claim is sustained.

## II. DISMISSAL OF CLAIM UNDER SAFE STREETS ACT

It is not entirely clear that Defendant is a recipient of funds under the Omnibus Crime Control and Safe Streets Act, and thus subject to the Act. *Cf.* Original Complaint ¶ 6 *with* Answer thereto (doc. 5, ¶ 7). Assuming, arguendo, the receipt of such funds, this Court holds that Plaintiff cannot bring suit under the Act.

The Act prohibits any program or activity, funded by the Act, from discriminating with regard to employment practices, on the basis of race, color, religion, national origin, or sex. 42 U.S.C. § 3789d(c)(1). Any person "aggrieved" by such alleged discrimination can institute a civil action in federal district court "after exhaustion of administrative remedies." § 3789d(c)(4)(A). Said exhaustion is presumed "upon the expiration of 60 days after the date the administrative complaint was filed with the Office of Justice Assistance, Research, and Statistics or any other administrative enforcement agency...." *Id.*

▮ Plaintiff concededly did not file such an "administrative complaint." However, she argues that the phrase "any other administrative enforcement agency" refers to the EEOC (or, by implication, the OCRC), and that, therefore, since she did file with the OCRC, she has exhausted her administrative remedies. Plaintiff's argument is not compelling. The legislative history of the Act is, apparently, silent on the meaning of the phrase. However, the EEOC is nowhere mentioned in the Act, or in the regulations interpreting same. 28 C.F.R. § 42.201 *et seq.* Instead, the phrase probably refers to the Law Enforcement Assistance Administration (LEAA), the Department of Justice, the National Institute of Justice, and other entities mentioned in the provisions of the Act. Indeed, commentary on the regulation, dealing with enforcement of the anti-discrimination provisions of the Act through "exhaustion of administrative remedies," only refers to the LEAA. 28 C.F.R. § 42.217(c)(2), Commentary. Moreover, if Plaintiff's construction of the phrase is adopted, there would be a conflict between the aforementioned filing requirements for Title VII (i.e., must await receipt of a "right to sue" letter prior to filing suit in court), and the straightforward requirement in the Act that an "aggrieved" person need only wait 60 days before filing suit.

In any event, even if Plaintiff is correct, she failed to adhere to the requirements of the Act. She did not file with the EEOC or the OCRC, and then wait 60 days before filing suit in this Court; she filed suit prior to filing with the OCRC. As outlined above, this failure to adhere to filing requirements is not excused by waiver, estoppel, or equitable tolling in this case.

For these reasons, Plaintiff's claim under the Safe Streets Act is dismissed.