David L. BRADFORD, Plaintiff,

v.

**GENERAL TELEPHONE COMPANY OF MICHIGAN, a Michigan corporation, I.B.E.W., Local 1106, Jeanette Riley, Sue Schmidtendorf, Karen Jones, John E. Russell, and J.J. Birchmeier, individually and in their official capacities.**

No. K 83–383.

United States District Court,
W.D. Michigan, S.D.

Sept. 26, 1985.

Kenneth Kobayashi, Kalamazoo, Mich., for plaintiff.

Michael McCasey, Grand Rapids, Mich., for Gen. Telephone Co., Riley, Schmidtendorf, Jones, Russell & Birchmeier.

Roger McClow, Southfield, Mich., for IBEW.

## OPINION

ENSLEN, District Judge.

This case is a hybrid § 301/unfair representation action that also encompasses claims of sex-based discrimination under Title VII and various state law claims. Plaintiff was an employee of Defendant General Telephone Company of Michigan ("Defendant Company") from 1969 until his discharge on August 23, 1982, for alleged sexual harassment and physical abuse of

some of the Company's female employees. Upon his discharge, Plaintiff filed a grievance through his local union, I.B.E.W. Local 1106 ("Defendant Local"), alleging that Defendant Company had failed to satisfy the "just cause" standard for dismissal contained in the collective bargaining agreement ("CBA") it had with Defendant Local. The Company denied Plaintiff's grievance in December of 1982. Defendant Local then filed a timely demand for arbitration on January 7, 1983. Defendant's Motion for Summary Judgment, Exhibit J.

On or about January 24, 1983, Defendant Local received a notice from Plaintiff stating that he did not wish to proceed with the arbitration. Defendant Local subsequently, on or about January 26, 1983, notified Defendant Company that it was withdrawing Plaintiff's grievance from arbitration. Defendant Company then closed its file on the case and rejected Plaintiff and Defendant Local's requests to reopen the arbitration proceedings. Plaintiff alleges Defendant Local's withdrawal of his grievance breached an agreement between Plaintiff, Plaintiff's attorney, and Defendant Local that the Local would not withdraw from arbitration absent permission from Plaintiff's attorney. Plaintiff filed suit in this Court on August 2, 1983, raising a hybrid § 301/unfair representation claim against the company and the local, *see* 29 U.S.C. § 185(a) (1982), a Title VII claim of sex-based discrimination against the company, 42 U.S.C. § 2000e–2 (1982), and a variety of state law claims against the company and five of its employees. On June 22, 1984, the Court dismissed Plaintiff's unfair representation claim against Defendant Local as being barred by the statute of limitations. Judgment Order of June 22, 1984.[1]

Two motions currently are pending before the Court: (1) Defendants' Motion to Dismiss, and (2) Defendant Company's Motion for Summary Judgment on Plaintiff's Title VII claim. I will first consider Defendant Company's Motion for Summary Judgment, and then will discuss the issues Defendants raise in their motion to dismiss.

### *Defendant Company's Motion for Summary Judgment*

Plaintiff alleges in Count II of his complaint that his discharge:

> [W]as also the result of the arbitrary, capricious, discriminatory, calculated, willful, wanton, malicious and/or wrongful efforts of Defendant Company to remove a male employee in violation of Title VII of the Civil Rights Act of 1964; that in support of this allegation Plaintiff cites instances where many other female employees would bump into other female employees or male employees and no such investigation or discharge occurred to them.

Complaint, ¶ 51. On February 12, 1985, Defendant Company filed a Motion for Summary Judgment on Plaintiff's Title VII claim. It argued that Plaintiff has failed to establish a *prima facie* case of sexual discrimination or to introduce any evidence that the Company discharged him "for a sexually discriminatory motive." Plaintiff did not respond to Defendant Company's motion.[2]

The standard in this Circuit for granting summary judgment is well known. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Watkins v. Northwestern Ohio Tractor Pullers Association,* 630 F.2d 1155, 1158 (6th Cir.1980); *Province v. Cleveland Press Publishing Co.,* 605

---

**1.** The Court subsequently denied Plaintiff's motion to reconsider that dismissal. Judgment Order of September 19, 1985. It also has denied Plaintiff's motion to compel arbitration of his grievance. Memorandum Opinion and Order of September 19, 1985.

**2.** I note that although Defendant Company labeled its pleading a Motion for Summary Judgment, it stated in the body of the motion that it

was moving pursuant to "Federal Rules of Civil Procedure 12(b), (1)(6), (H)(3)." Defendant, however, submitted in support of its motion materials that are outside the pleadings, and I have considered materials outside the pleadings that are favorable to Plaintiff. I therefore will consider Defendant's motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* FRCP 12(b).

F.Supp. 945, 955–56 (N.D.Ohio 1985); *See Federal Rules of Civil Procedure* ("FRCP") 56(c). I therefor will mention only two aspects of the standard that are of particular importance to this case. First, although Plaintiff has failed to respond to Defendant Company's motion as required by Rule 56(e), FRCP 56(e), at his peril, *Shavrnoch v. Clark Oil and Refining Corp.*, 726 F.2d 291, 293 (6th Cir.1984); *Curtis v. International Brotherhood of Teamsters*, 716 F.2d 360, 361 (6th Cir.1983), the Court still must search the entire record to determine whether there are any "genuine issue[s] as to any material fact[s]" requiring trial. *Smith v. Hudson*, 600 F.2d 60, 64–65 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *United States v. Crooksville Coal Co.*, 560 F.Supp. 141, 142 (S.D.Ohio 1982); FRCP 56(c) (judgment shall be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that" the moving party satisfies the standard). Second, the Sixth Circuit has cautioned that summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court". *Smith*, 600 F.2d at 63; *see also Bender v. Southland Corp.*, 749 F.2d 1205, 1210 (6th Cir.1984) ("the party seeking summary judgment must *conclusively* show that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law") (emphasis in original). It also has noted that grants of summary judgment generally are inappropriate in discrimination cases because "questions of intent or motive [that] are particularly ill-suited for [such] disposition" often are involved. *Leonard v. City of Frankfort Electric and Water Plant Board*, 752 F.2d 189, 194 (6th Cir.1985) (section 1981 claim); *see also Jones v. Western Geophysical Co.*, 669 F.2d 280, 283 (5th Cir.1982) (summary disposition is not favored in Title VII cases).

█ With these standards in mind, I have carefully searched the record in this case and find that there exist genuine issues as to material facts regarding Plaintiff's claim of discriminatory treatment, particularly with regard to Defendant's alleged legitimate, non-discriminatory rationale for Plaintiff's discharge. A grant of summary judgment therefore would be inappropriate at this time. *Smith*, 600 F.2d at 63–66. Defendant Company's motion will be denied.

### Defendant's Motion to Dismiss

Defendants have raised eight grounds for dismissing some or all of Plaintiff's claims: (1) that Plaintiff's claims for Defendants' alleged breach of the CBA are barred by the statute of limitations; (2) that Plaintiff's Title VII claim is barred by his failure to have received a right to sue notice from the Equal Employment Opportunity Commission ("EEOC") prior to filing suit; (3) that the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims; (4) that the Court should dismiss Plaintiff's pendent state claims and breach of contract claims as being subsumed within his Title VII claim; (5) that the Court should dismiss the individual Defendants not named in Plaintiff's complaint before the Michigan Civil Rights Commission and the EEOC; (6) that Plaintiff's claims are barred by the doctrine of "Election of Remedies"; (7) that Plaintiff cannot claim damages under Title VII; and (8) that Plaintiff has failed to state a claim upon which relief can be granted under the Michigan Handicappers' Civil Rights Act. The Court will discuss these grounds in order.

### Statute of Limitations

█ I have already ruled on the statute of limitations issue with respect to Plaintiff's Union Local. In that ruling I held that the applicable six-month statute of limitations, *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), bars Plaintiff's claim against the Local for breach of its duty of fair representation. Judgment Order of June 22, 1984 (granting Defendant Local's motion to dismiss); *see also* Judgment Order of September 19,

1985 (denying Plaintiff's motion for reconsideration). I now find that the statute of limitations likewise bars Plaintiff's claim against Defendant Company for breach of the CBA. As was the case with Defendant Local, the key issue regarding Defendant Company's statute of limitations defense is when Plaintiff's cause of action against the Company accrued and the time for him to bring suit began to run. The statute of limitations for both branches of Plaintiff's hybrid § 301/unfair representation suit—his claim against the Company for breach of the CBA in violation of § 301 and his claim against the Local for breach of its duty of fair representation—is six-months. *DelCostello*, 462 U.S. at 155, 103 S.Ct. at 2285.

■ The starting point for analysis of this issue is to understand the relationship between an employee's suit against his employer for breach of the CBA and his suit against his union for breach of its duty of fair representation. As the Supreme Court stated in *DelCostello*, " 'the two claims are inextricably interdependent. To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.' " *Id.* at 164–65, 103 S.Ct. at 2290 (quoting *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 66–67, 101 S.Ct. 1559, 1565–66, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring in judgment)). In situations where the grievance and arbitration procedures of the CBA are the exclusive remedy for an employee aggrieved by his employer's breach of the CBA, as apparently is the case here, proof that the employee's union breached its duty of fair representation is a prerequisite to the employee's suit under § 301 to enforce the terms of the CBA. *Vaca v. Sipes*, 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967).

■ Courts accordingly generally have found that the statute of limitations on an employee-plaintiff's cause of action against his employer for breach of the CBA begins to run at the same time as the statute of limitations on his predicate cause of action for unfair representation against his union. *See Bell v. Michigan Sport Service, Inc.*, 117 L.R.R.M. 2616, 2618 (BNA) (E.D.Mich. 1984); *DelCostello v. International Brotherhood of Teamsters*, 116 L.R.R.M. 2754, 2758–59 (BNA) (D.Md.1984); *Edie v. Brundage Co.*, 546 F.Supp. 837 (W.D.Mich. 1982). That is, when the employee-plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the [union's] alleged violation" of its duty, *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir.1985); or when the employee-plaintiff "is barred from proceeding to the next step in the grievance procedure." *Edie*, 546 F.Supp. at 839 n. 5. As the Court discussed in its Opinions of June 22, 1984 and September 19, 1985 (on Plaintiff's motion for reconsideration), the accrual date in this case for Plaintiff's cause of action against Defendant Local, and thus against Defendant Company as well, was January 26, 1983. Since Plaintiff filed his complaint in this Court more than six months after that date, on August 2, 1983, his claims against Defendant Company for breach of the CBA—all of Counts IV, V, and IX of the complaint, and that part of Count I which alleges a breach of the Company's duty to conduct a fair and reasonable investigation into the circumstances surrounding Plaintiff's discharge—must be dismissed.

*Right to Sue Notice*

In support of their second ground for dismissal, Defendants argue that receipt of a "right to sue" letter from the EEOC is a jurisdictional prerequisite to bringing suit in federal court, and that the Court thus should dismiss this case since Plaintiff did not receive such a notice before filing suit. Plaintiff argues in response that receipt of a right to sue letter is not an absolute requirement for filing a complaint, and that the Court has jurisdiction over his claim because he has exhausted his administrative remedies, as required by 42 U.S.C. § 2000(e)–5(f)(1), by filing a charge with

the appropriate state agency (the Michigan Civil Rights Commission) and the EEOC within the allowable time period, and then waiting 180 days before filing suit in this Court. Plaintiff further argues that after he filed his complaint he did request the EEOC to issue a right to sue notice. The Court also notes that Plaintiff did receive a right to sue letter from the EEOC on January 18, 1984, subsequent to which he filed a separate Title VII action against Defendant Company, *Bradford v. General Telephone Co.*, No. K84–170, that has been consolidated with the present action. ORDER of August 1, 1984.

▮ The Court finds that it must deny this part of Defendants' motion because Plaintiff has demonstrated sufficient compliance with Title VII's administrative prerequisites for it to exercise jurisdiction over his claim. Section 5(f)(1) of Title VII provides that once a party has filed a timely charge with the EEOC:

> If [such] charge ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ..., the Commission has not filed a civil action under this section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved....

42 U.S.C. § 2000e–5(f)(1) (1982). Plaintiff filed a timely charge against Defendant Company with the Michigan Civil Rights Commission and the EEOC on December 6, 1982. He then waited 180 days before filing suit against Defendant Company.

▮ Defendants correctly argue that Plaintiff should have received the right to sue notice mentioned in Section 5(f)(1) before filing suit. Receipt of a right to sue notice—or letter—is not a jurisdictional requirement, however, "but rather a statutory requirement designed to give the administrative process an opportunity to pro-

ceed before a lawsuit is filed." *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3rd Cir.1984). Receipt of a right to sue notice, like full compliance with Title VII's administrative time requirements, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), is not an absolute prerequisite to filing suit in federal court. In *Zipes* the Supreme Court held that filing of a timely charge of discrimination with the EEOC "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. The Court noted that the Act's structure and legislative history indicate that its administrative exhaustion requirements and other prerequisites to filing suit should be liberally construed to honor the Act's remedial purposes. *Id.* at 393–98, 102 S.Ct. at 1132–33; *see Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir.1979) (equitable principles should apply to Title VII's time limitations). The Court's opinion, moreover, although not addressed to the notice of right to sue requirement, implicitly rejected the "jurisdictional requirement" analysis employed in the cases upon which Defendants rely. *See Gibson v. Kroger Co.*, 506 F.2d 647, 650 (7th Cir.1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975); *Stebbins v. Continental Insurance Co.*, 442 F.2d 843, 845–46 (D.C.Cir.1971).

▮ Several courts have made this rejection explicit with regard to the right to sue notice requirement and have held that receipt of such a notice is not a jurisdictional prerequisite to suit. *Gooding*, 744 F.2d at 358; *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir.1982); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir.1982) (Kravitch, J., concurring), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). I agree with the Fourth Circuit that "it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts." *Perdue*, 690 F.2d at 1093.

Since Plaintiff was entitled to receive a right to sue notice at the time he filed this suit, having exhausted his administrative remedies, the Court has jurisdiction over his Title VII claim against Defendant Company. Plaintiff's receipt of a right to sue notice subsequent to his filing of this complaint, on January 18, 1984, sufficed, moreover, to cure whatever impediment to the Court's exercise of its jurisdiction may have existed. *See Gooding,* 744 F.2d at 358; *Pinkard,* 678 F.2d at 1215; *Williams v. Washington Metropolitan Area Transit Authority,* 721 F.2d 1412, 1418 n. 12 (D.C. Cir.1983); *Watson v. Fuller Brush Co.,* 570 F.Supp. 1299, 1302 & n. 5 (W.D.Mich. 1983). Defendants' motion to dismiss Plaintiff's Title VII claim must be denied.

*Pendent Jurisdiction*

■ As their third ground for dismissal, Defendants argue that the Court should refuse to exercise its pendent jurisdiction over Plaintiff's state law claims against General Telephone and the five individual Defendants. Defendants correctly recognize that federal courts have the constitutional authority to exercise pendent jurisdiction over state law claims that arise out of a "common nucleus of operative facts" with the federal claims that provide a basis for federal jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *see Williams v. Bennett,* 689 F.2d 1370, 1379–80 (11th Cir.1982) (pendent party jurisdiction). Exercise of that authority, however, is subject to the Court's discretion. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. Defendants argue that in this case considerations of comity and federalism, and the differing remedies and procedures available under Plaintiff's federal and state law claims, militate against the Court's exercise of its pendent jurisdiction. Motion to Dismiss at 10–12; Motion for Summary Judgment at 18–19. Plaintiff responds, however, that considerations of "judicial

economy, the avoidance of duplicative pleadings, and convenience of the parties" favors the Court's exercise of its pendent jurisdiction. Plaintiff's Response to Defendants' Motions to Dismiss at 13.

It is important in addressing Defendants' motion to recognize that this case involves two separate aspects of the pendent jurisdiction question. With respect to Defendant Company, Plaintiff has an independent basis for federal jurisdiction and simply seeks to join state law claims against the company that arise out of a "common nucleus of operative facts" with his federal claims. With respect to the five individual Defendants, however, Plaintiff has no independent basis for federal jurisdiction and seeks to have the Court exercise jurisdiction over those Defendants solely on the basis that the state law claims he has against them and the federal claims he has against Defendant Company arise out of a "common nucleus of operative facts." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. I consequently shall deal separately with the Court's exercise of pendent jurisdiction over each category of Defendants.

■ Plaintiff raised two federal claims against Defendant Company in his complaint: (1) a claim under § 301 of the LMRA for breach of the collective bargaining agreement, 29 U.S.C. § 185(a) (1982); and (2) a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), for discrimination on the basis of his sex. I have already decided in this opinion that the statute of limitations bars Plaintiff's section 301 claim. Since the federal basis for Plaintiff's state law claims that relate primarily to Defendant Company's performance of its contractual obligations (Counts I & IV of the Complaint) is gone, it would seem appropriate to dismiss such state law claims as well.[3] *See Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139 ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well").

---

3. I should note that the legal basis for Counts I, IV, and V of Plaintiff's Complaint is unclear. To the extent, however, these Counts raise claims under Section 301 of the LMRA for breach of the CBA, I have already dismissed them as being barred by the statute of limitations.

Given that Plaintiff's sole remaining federal claim is under Title VII, moreover, it is proper to recognize that several courts have refused, based on the remedial and procedural complications that consideration of state law claims entail, to exercise pendent jurisdiction over state law claims in Title VII cases. *Bouchet v. National Urban League, Inc.*, 730 F.2d 799, 805–06 (D.C.Cir.1984); *Haroldson v. Hospitality Systems, Inc.*, 596 F.Supp. 1460, 1460–61 (D.Colo.1984); *Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. 730, 731–36 (D.S.C.1983); *Lazic v. University of Pennsylvania*, 513 F.Supp. 761, 770 (E.D.Pa. 1981); *Jong-Yul Lim v. International Institute of Metropolitan Detroit, Inc.*, 510 F.Supp. 722, 724–26 (E.D.Mich.1981).

 It appears, however, that some of the factual issues Plaintiff may seek to prove at trial relating to his Title VII claim, primarily those concerning the validity of Defendant Company's reasons for his discharge, may also arise with regard to some of his state law claims. It would be unfair to Plaintiff, moreover, given that his case has been before the Court for over two years now, to force him to refile all his state law claims against Defendant Company in state court. Upon careful consideration, therefore, of the pleadings, depositions, and other papers that both parties have filed, I find that the interests of justice and considerations of judicial economy and of fairness and convenience to the litigants would best be served if I exercise pendent jurisdiction over Plaintiff's state law claims against Defendant Company that are related to his Title VII claim. *See Van Atta v. Kal-Aero, Inc.*, 555 F.Supp. 912, 916–17 (W.D.Mich.1983); *cf. Frye*, 555 F.Supp. at 735–36 (noting Title VII cases in which courts have exercised pendent juris-

diction). I accordingly will deny Defendants' Motion to Dismiss for lack of pendent jurisdiction over Plaintiff's state law claims against Defendant Company, with the exception of Counts I and IV of the Complaint which—to the extent they have not already been dismissed—will be dismissed without prejudice. Plaintiff may pursue those claims in state court.[4]

 The second aspect of the pendent jurisdiction issue is the propriety of the Court's exercise of its pendent jurisdiction over the five individual Defendants against whom Plaintiff has no federal claims. Plaintiff's basis for requesting the Court to exercise jurisdiction over these "pendent parties" is tenuous. The Supreme Court has noted that "there is a ... serious obstacle to the exercise of pendent jurisdiction" if "the ... party ... is not otherwise subject to federal jurisdiction." *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). In these pendent party cases, a court must determine both whether Article III authorizes it to exercise jurisdiction in the case before it and, if so, whether Congress has "expressly or by implication negated" the existence of pendent party jurisdiction under the particular statute in question. *Id.* It is not necessary in this case, however, for me to determine whether I have the constitutional and statutory authority to hear Plaintiff's state law claims against the individual Defendants because even assuming I have such authority, the considerations discussed above in connection with Plaintiff's state law claims against Defendant Company lead me to decline to exercise pendent jurisdiction over the individual Defendants.[5] Plaintiff bases his claims against these Defendants solely on state law and

---

4. Considering the Court's ruling on its pendent jurisdiction over Plaintiff's state claims in conjunction with its ruling on Defendant Company's statute of limitations defense, Plaintiff can pursue the following claims against General Telephone in this Court: (1) his Title VII claim (Count II); (2) his claim under the Elliott Larsen Civil Rights Act (Count III); and (3) the tort law claims contained in Counts VI and XIV.

5. I will note that some courts have held, applying the *Aldinger* standard, that they are not authorized to exercise either pendent or pendent party jurisdiction in Title VII cases. *E.g., Haroldson*, 596 F.Supp. at 1461; *Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951, 953–54 (S.D.Fla. 1978).

consideration of them would not advance the interests underlying Title VII. *See Jong-Yul Lim,* 510 F.Supp. at 725–26. I also find that exercise of pendent jurisdiction over Plaintiff's claims against these Defendants would create a predominance of state law issues in this case that would not serve the interests of judicial economy. *See Frye,* 555 F.Supp. at 735–36. I therefore will dismiss without prejudice Counts VII, X, XI, XII, and XIII of Plaintiff's Complaint.

*Defendants' Other Grounds for Dismissal*

 Defendants remaining grounds for dismissal do not require much discussion. As their fourth ground, Defendants argue that the Court should dismiss Plaintiff's state law claims as being "subsumed" within his Title VII claim. Although there are some factual similarities between Plaintiff's remaining state law claims and his Title VII claim against Defendant Company, I find that there are sufficient legal and factual differences to permit separate consideration. *See Stewart v. Thomas,* 538 F.Supp. 891, 895–97 (D.D.C.1982). Defendants fifth ground for dismissal is moot since I have decided to dismiss Plaintiff's claims against the individual Defendants. Defendants sixth ground for dismissal— the "election of remedies" argument—is meritless. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 49–51, 94 S.Ct. 1011, 1020–21, 39 L.Ed.2d 147 (1974); *Vaca,* 386 U.S. 171, 87 S.Ct. 903. I will grant Defendants seventh ground for dismissal and order that Plaintiff's request for damages (compensatory, exemplary, and punitive) under Title VII be stricken from the Complaint. *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192, 194–97 (6th Cir.1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); *Moll v. Parkside Livonia Credit Union,* 525 F.Supp. 786, 791–93 (E.D.Mich.1981). Defendants eighth ground is moot since I have decided to dismiss Plaintiff's claims under the Handicappers' Civil Rights Act.