724 F.Supp. 530 (1989)
Joyce G. WILBURN, Plaintiff,
v.
The DIAL CORPORATION, Defendant.
No. 87-2594-TUB.
United States District Court, W.D. Tennessee, W.D.
September 11, 1989.
Richard B. Fields, Memphis, Tenn., for plaintiff.
Curtis L. Mack, Atlanta, Ga., for defendant.

*531 ORDER DENYING DEFENDANT'S MOTION TO DISMISS TITLE VII CLAIM
TURNER, District Judge.
Presently before this court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative for partial summary judgment, filed by the defendant, The Dial Corporation. The following procedural facts of the present action before this court clarifies the positions of both parties.

Procedural History
On August 26, 1987, the plaintiff, Joyce A. Wilburn filed a complaint pursuant to 42 U.S.C. § 1981 alleging she was denied a promotion by the defendant on grounds of her race. Following her initial complaint, the plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) on October 28, 1988. Subsequently on March 29, 1989, this court entered an order granting the plaintiff's request to amend her complaint to add a cause of action for racial discrimination under 42 U.S.C. § 2000e et seq. (Title VII). The plaintiff's amended complaint, seeking relief under both § 1981 and Title VII was filed on April 12, 1989.
On May 1, 1989, the defendant filed the current motion to dismiss or in the alternative for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, alleging that the plaintiff's amended complaint was filed in excess of ninety (90) days following her receipt of a Notice of Right to Sue issued by the EEOC and thus, the plaintiff's amended Title VII claim should be dismissed. Due to the plaintiff's failure to respond to the defendant's motion, this court entered an order to show cause on August 8, 1989, pursuant to Local Rule 8(a) and 8(b).
The plaintiff's response to this court's order was received on August 17, 1989. It is the plaintiff's position that pursuant to Federal Rule of Civil Procedure 15(c) the plaintiff's amended complaint, including her Title VII claim will "relate back" to August 26, 1987, the date of the plaintiff's original complaint and therefore was timely filed.
Due to the fact that the defendant relies on information outside the scope of the pleadings this motion will be addressed as one for partial summary judgment pursuant to Federal Rule Civil Procedure 56.[1]

Discussion
At the outset, the court notes that the plaintiff has offered no authority for her position other than to cite Federal Rules of Civil Procedure 15(c) itself, and a Sixth Circuit Case which addresses equitable tolling of the filing requirements proscribed by 42 U.S.C. § 2000e-5(f)(1) (Title VII). Basically the plaintiff relies on what has been referred to as the "circular relationship"[2] between Federal Rules of Civil Procedure 15(c) and the time mandates of Title VII in support of his position. Here three issues are involved: (1) whether the plaintiff is entitled to equitable tolling of the ninety day period in which the plaintiff is required pursuant to 42 U.S.C. § 2000e-5(f)(1) to file her Title VII claim *532 following the receipt of her Notice of Right to Sue; (2) assuming the plaintiff is not entitled to equitable tolling, whether plaintiff's amended complaint "relates back" to the date of the plaintiff's original complaint; and (3) whether the premature filing of the plaintiff's Title VII claim, prior to the plaintiff's receipt of her Notice of Right to Sue letter, will bar the plaintiff's Title VII claim should the plaintiff's amended complaint "relate back" to the date of the original.

A. Equitable Tolling

Title 42 of the United States Code provides two avenues of relief against employment discrimination on the grounds of race. Under 42 U.S.C. § 1981 "... [a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens ..." in every state and territory. 42 U.S.C. § 1981 (1981). It is settled that the terms of § 1981 prohibit racial discrimination in the making of private sector employment contracts. Patterson v. McLean Credit Union, ___ U.S. ___, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).
Similarly, 42 U.S.C. § 2000e-2(a)(1) & (2) states that it is an unlawful employment practice to "... fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual ..." or to "... limit, segregate or classify ..." employees because of such individual's race. 42 U.S.C. § 2000e-2(a)(1) & (2) (1981).
Although both statutory sections aim at prohibiting racial discrimination in employment, specific procedural requirements must be taken by a plaintiff seeking relief under § 2000e et seq. which are absent from the face of § 1981. Section 2000e-5(f)(1) of Title VII states:
[I]f a charge filed with the [Equal Employment Opportunity] Commission [of discrimination] is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... the Commission ... shall so notify the person aggrieved and within ninety days after the filing of such notice a civil action may be brought against the respondent named in the charge ... 42 U.S.C. § 2000e-5(f)(1).
While the procedural requirements mandated by Title VII appear absolute, the United States Supreme Court has held that "... filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). In support of the above holding, the Zipes court noted "... we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." Id. at 398, 102 S.Ct. at 1135.
Following the Zipes rationale, and in agreement with the Fourth, Fifth and Ninth Circuits, the Sixth Circuit has held that time requirements in statutes designed to eliminate unlawful discrimination in employment are not jurisdictional. Boddy v. Dean, 821 F.2d 346, 350 (6th Cir.1987).[3] Thus, a failure to comply with the ninety day filing requirements proscribed by 42 U.S.C. § 2000e-5(f)(1) additionally is not a jurisdictional bar to a plaintiff's suit, but rather an affirmative defense to be plead by the defendant in a Title VII action. Ruiz v. Shelby County Sheriff's Dept., 725 F.2d 388, 391 (6th Cir.1984), cert. denied, *533 469 U.S. 1016, 105 S.Ct. 428, 83 L.Ed.2d 355 (1984).
Cases from the Sixth Circuit which have addressed the issue of equitable tolling of Title VII filing requirements have noted that although tolling is a principle which is to be carefully applied, the broad remedial purposes of Title VII must also be considered. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988). Therefore, although equitable tolling of the Title VII filing requirements (ninety days following the receipt of a Notice of Right to Sue in the present case) are most applicable in situations where the employer has affirmatively caused an employee to miss a filing deadline, tolling may be appropriate in cases where the employer has not induced the plaintiff's inaction. Id. See also Leake v. University of Cincinnati, 605 F.2d 255, 259 (6th Cir.1979); Fox v. Eaton Corp, 615 F.2d 716, 718 (6th Cir.1980), cert. denied, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981). Thus, where an employer has not contributed to the plaintiff's tardy filing of a Title VII claim, five factors may be considered by a court in the determination of whether to toll the filing requirements of § 2000e-5(f)(1). These factors include:
(1) [L]ack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.
Andrews, 851 F.2d at 151. Further, although absence of prejudice to the defendant is one factor for consideration in determing whether to apply equitable tolling, this factor alone does not constitute an independent basis for applying the doctrine. Id. (quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984)).
Pursuant to the facts presented in the current case, this court finds that the doctrine of equitable tolling is inapplicable. Although tolling of the § 2000e-5(f)(1) ninety day period to file suit would not prejudice the defendant, due to the fact that the defendant was on notice of the plaintiff's allegations of discrimination when the plaintiff filed her § 1981 claim in August of 1987, the plaintiff has proffered no reasons why the time period should be tolled. Further, the Notice of Right to Sue issued to the plaintiff specifically states: "You must [sue] within ninety (90) days of your receipt of this notice: Otherwise your right to sue is lost." (Defendant's motion, Ex. A). In light of the fact that the plaintiff was represented by counsel at the time the notice was issued, this is not a situation in which the plaintiff can validly allege lack of actual knowledge, constructive knowledge or ignorance of her obligations to preserve her Title VII claim. Further, the plaintiff has demonstrated an understanding of the procedural requirements imposed upon her as demonstrated by her request to this court that she be granted permission to amend her original complaint. The plaintiff has not been diligent in following the straight forward filing requirements required by 42 U.S.C. § 2000e-5(f)(1). Lastly, there are no facts submitted by the plaintiff supporting an argument that the defendant induced the plaintiff's inaction.

B. Relation Back

The plaintiff contends that her amended complaint, filed on April 12, 1989, which adds a claim of discrimination under Title VII, relates back to the date of her original complaint filed August 26, 1987, and thus is timely filed. The plaintiff's position raises the competing policies of Federal Rules of Civil Procedure 15(c) and 42 U.S.C. § 2000e-5(f)(1). In Johnson v. Ry. Express Agency, 421 U.S. 454, 461, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975) the United States Supreme Court held that the remedies available under Title VII and § 1981, although related and directed to the same ends, both are "... separate, distinct and independent." In holding that the filing of a Title VII claim will not toll the applicable statute of limitations for filing a § 1981 claim, the Court noted that "... there is no policy reason that excuses petitioner's failure to take the minimal *534 steps necessary to preserve each claim independently." Id. at 466, 95 S.Ct. at 1723.
In contrast, Federal Rules of Civil Procedure 15(c) states "... [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction of occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). The Sixth Circuit in addition has stated that where a claim of discrimination is at issue "... federal courts should not allow procedural technicalities to preclude Title VII complaints." Tipler v. E.I. duPont deNemours and Co., 443 F.2d 125, 131 (6th Cir.1971).
Interestingly, few parties have raised a 15(c) relation back argument when an amended complaint is filed outside of the EEOC filing requirement and subsequent to the filing of an original complaint. However, the issue was raised by the Supreme Court sua sponte in footnote 3 of the Baldwin County Welcome Center opinion. 466 U.S. at 149 n. 3, 104 S.Ct. at 1725 n. 3. In Baldwin, the Court noted that the relation back doctrine would be inapplicable where the plaintiff filed a notice of right to sue letter itself within the ninety day requirement but subsequently filed the actual complaint outside the ninety day period due to the fact that the filing of the right to sue letter would not give the defendant fair notice of the plaintiff's claim nor the grounds upon which it rested. Id. Thus, "... to constitute an original pleading which may be rehabilitated by Rule 15(c) such fair notice must be given." Id.
Conversely, the Sixth Circuit in Boddy v. Dean, 821 F.2d 346 (6th Cir.1987) applied the relation back doctrine of Federal Rule of Civil Procedure 15(c) in conjunction with a sexual harassment claim and 29 C.F.R. § 1613.281(a).[4] In Boddy, the plaintiff filed an administrative EEOC complaint on the basis of sexual harassment and following the administrative dismissal, filed an action with the appropriate federal district court within the required thirty days. The district court dismissed Count II of the plaintiff's complaint, alleging retaliation on the basis that the plaintiff's retaliation claim was based on a second and subsequent EEOC complaint and was not filed with the district court within the proscribed thirty days. In reversing the district court, the Sixth Circuit, applying Rule 15(c), held that the plaintiff's subsequent claim of reprisal related back to the plaintiff's original claim of sexual harassment, both arising out of the same "conduct, transaction or occurrence" and was thus timely filed. Id. at 351.
A second case applying the relation back doctrine and presenting facts similar to the current action at issue is Sessions v. Rusk State Hospital, 648 F.2d 1066 (5th Cir. 1981). In Sessions the plaintiff filed a racial discrimination charge with the EEOC, and following his receipt of a right to sue letter, filed an action in district court pursuant to 42 U.S.C. § 1981 within the required ninety day period. Seven months later, the plaintiff was granted permission to amend his original complaint to include a discrimination claim pursuant to Title VII. In denying the defendant's motion to dismiss the plaintiff's Title VII claim, the Fifth Circuit held that the plaintiff's amended complaint asserting the Title VII claim, related back to the original complaint and was thus timely filed despite the fact that the plaintiff's initial § 1981 claim was barred by the Eleventh Amendment. Id. at 1068. In reaching this conclusion, the Fifth Circuit stated:
So long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit. Id. at 1069.
Following the above rationale, the Eighth Circuit in Warren v. Department of Army, 867 F.2d 1156 (1989) refused to apply the relation back doctrine of Rule 15(c) where a Title VII claimant filed a claim alleging sex *535 and race discrimination within the required ninety days but named the wrong Army official as the defendant. In holding that the plaintiff's amended complaint, naming the proper defendant, did not relate back and was therefore time barred, the Eighth Circuit stated that the "linchpin" of the application of Rule 15(c) is notice within the limitations period to the proper defendant. Id. at 1158-59 (quoting Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).
Lastly, the Seventh Circuit in Donnelly v. Yellow Freight System, Inc., 874 F.2d 402 (7th Cir.1989) allowed the plaintiff's amended Title VII complain to relate back to his original complaint alleging sex discrimination pursuant to Illinois state law, where the plaintiff's original complaint was filed within the required ninety days. In support of its holding, the Seventh Circuit reasoned:
Contrary to defendant's assertion, the same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same conduct, transaction or occurrence. Because the [plaintiff's] ... claims are based on identical facts and circumstances, plaintiff's amended complaint clearly relates back to the date of the original complaint. Id.

Despite the above holdings, it should be noted that cases addressing the same principles have reached contrary holdings. Following Johnson v. Ry. Express, 421 U.S. 454, 95 S.Ct. 1716, the district court for the Western District of Virginia held that the filing of a Title VII case will not toll the statute of limitations for a § 1981 action and due to the fact that the two claims are distinct "... the normal rule of relation back does not apply." Younger v. Glamorgan Pipe and Foundry, 418 F.Supp. 743 (W.D.Va.1976), vacated on other grounds, 561 F.2d 563 (4th Cir.1977). See also, Lancaster v. Holt, 31 Fair Empl.Prac. Cas. (BNA) 1390, 1983 WL 513 (N.D.Fla. 1983) (Plaintiff's Title VII claim would not relate back to earlier complaint filed pursuant to the Equal Pay Act where the plaintiff took no action during the ninety day filing period following receipt of right to sue letter).
As illustrated by the above discussion, when a plaintiff files two complaints which arise out of the same facts or transaction, and the defendant has notice of the plaintiff's allegations within the proscribed statutory time period, a subsequent complaint may relate back under Rule 15 to the prior one, preventing a time bar of the second complaint. Applying this concept to the facts of the current action, both plaintiff's § 1981 and Title VII complaints arise out of the identical fact, the plaintiff's failure to be promoted to production manager. In addition, due to the fact that the plaintiff filed a § 1981 action on the basis of race discrimination in August of 1987, the defendant had notice of the substance of the plaintiff's allegations throughout the ninety day time period to file a Title VII suit which commenced October 28, 1988. (Or proximate in time to October 28 when plaintiff received the notice). Thus, it would appear that the plaintiff's amended complaint, filed April 12, 1989, should relate back to August 26, 1987, the date on which the plaintiff's original complaint was filed. However, there is one distinguishing factor in the present action as compared to those cases discussed previously in that where the relation back doctrine was held to apply, the original complaint was filed within the statutory window. Conversely, in the current action, should the plaintiff's amended complaint "relate back", it will relate back to August 26, 1987, approximately one year and two months prior to the date on which the plaintiff's Right to Sue Letter was issued. Thus, the third issue addressed by this court is the effect of the premature filing of a Title VII action.

C. Premature Filing

It has been held that the receipt of a Right to Sue Letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite and thus, the receipt of such a letter prior to the dismissal of a Title VII action will cure the initial failure to satisfy the condition precedent. Pinkard v. Pullman Standard; a Div. of Pullman, Inc., 678 F.2d 1211, 1215 (5th Cir.1982) (per curiam), cert. denied, 459 *536 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). The above principle is supported by the policy that to bar a Title VII claim for a failure to follow specific filing requirements is an extreme sanction to impose on one who acted too soon rather than too late. Id. at 1218. Similarly, it is the entitlement to the right to sue letter rather than the actual issuance which is a prerequisite to the jurisdiction[5] of a federal court. Bradford v. General Telephone Co. of Michigan, 618 F.Supp. 390, 395 (W.D.Mich. 1985). Thus, where a Title VII plaintiff files his action first and then subsequently receives a right to sue notice while that action is pending, the requirement of a right to sue letter is satisfied. Williams v. Washington Metro. Area Transit Auth., 721 F.2d 1412, 1418 n. 12 (D.C.Cir.1983) (Citations Omitted). See also, Galvan v. Bexar County, 785 F.2d 1298, 1305-06 (5th Cir.1986).
In contrast to the above authority, the district courts within the Sixth Circuit appear to be in conflict regarding the issue of whether a right to sue letter following the filing of a complaint will satisfy the procedural requirements of § 2000e-5(f)(1). In Nash v. City of Oakwood, Ohio, 541 F.Supp. 220 (S.D.Ohio 1982) the plaintiff filed charges with the EEOC subsequent to filing a Title VII suit. Subsequent to receiving a right to sue notice, the plaintiff filed an amended complaint outside the requisite ninety day filing period. The court held that the plaintiff's Title VII complaint was time barred, rejecting the plaintiff's argument that the ninety days should be tolled and noting that a Title VII plaintiff should not take the procedural requirements lightly. Id. at 222-23. The plaintiff however, did not raise a Rule 15(c) relation back argument, relying instead on the doctrine of equitable tolling.
Conversely, in Bradford v. General Telephone Co., the district court denied the defendant's motion to dismiss on the grounds that though the plaintiff had filed charges with his local union, the plaintiff filed his Title VII action prior to the receipt of a right to sue letter from the EEOC. 618 F.Supp. at 394-95. Relying on the rationale of Zipes, 455 U.S. 385, 102 S.Ct. 1127, the Bradford court noted that a right to sue notice is not an absolute prerequisite to filing suit in federal court. Bradford, 618 F.Supp. at 395.
Applying the above principles to the current fact situation, and accepting the Zipes rationale as construed by the Sixth Circuit that the statutory filing requirements of Title VII are not jurisdictional, the weight of authority supports the concept that premature filing of a Title VII action, prior to the later receipt of a notice of right to sue, will not defeat a plaintiff's Title VII claim. As noted above, the policy supporting Title VII is to provide a remedy for unlawful discrimination, a remedy not to be defeated by procedural technicalities. See Tipler, 443 F.2d at 131. Thus, following the Fifth Circuit, the D.C. Circuit and the Western District of Michigan, the plaintiff's subsequent receipt of her right to sue notice cures the premature filing of a Title VII discrimination complaint with this court.

Conclusion
Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment if "... the pleading, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Cv.P. 56(c).
It is the plaintiff's position in the current case that her Title VII complaint was timely filed, relying on the relation back doctrine of Federal Rule of Civil Procedure 15(c). Conversely, the defendant alleges that Rule 15(c) is inapplicable in the current case, that the plaintiff's Title VII claim is untimely, and thus, it is entitled to summary judgment on the plaintiff's Title VII action as a matter of law.
Although this court finds that the plaintiff is not entitled to equitable tolling of the required ninety day period to file suit pursuant *537 to Title VII, this court does find that the plaintiff's Title VII action relates back to the date of her original complaint and that the plaintiff's subsequent receipt of a notice of right to sue cures any defect caused by the plaintiff's premature filing of her Title VII claim.
Due to the fact that this court rejects the defendant's attempt to eliminate the plaintiff's Title VII claim on a purely procedural basis, disputed issues of fact, as addressed in this court's order in response to the defendant's original motion for summary judgment, still remain in this case. Defendant's motion for summary judgment on the above procedural ground is thus denied.
IT IS SO ORDERED.
NOTES
[1] The defendant has styled the motion at issue as one to dismiss pursuant to Fed.R.Civ.P. 12(b) or in the alternative for partial summary judgment. The defendant however has not stated the specific subsection of Rule 12(b) upon which he relies and a review by this court finds that none are applicable. A notice of a right to sue is not a jurisdictional prerequisite to the filing of a Title VII claim, as will be addressed in this order, and thus subsection (b)(1) of Rule 12 is inapplicable to the defendant's position. Nor is subsection (b)(6), failure to state a claim upon which relief can be granted, applicable to the present motion due to the fact that the defendant has attached, and relies upon for support of his position, a copy of the notice of right to sue issued to the plaintiff on October 28, 1988. (Defendant's Motion to Dismiss Extra Sheet, Ex. A). Due to the fact that the plaintiff states in his amended complaint that he received a notice of right to sue and has failed to object to the authenticity of the notice as submitted by the defendant, this court has deemed the notice as genuine for the purposes of this order.
[2] See Warren v. Department of Army, 867 F.2d 1156, 1158 (8th Cir.1989) (Determining whether the plaintiff's amended complaint relates back to the original "... involves analyzing the somewhat circular relationship between Federal Rules of Civil Procedure 15(c) and the thirty-day limitation period of Section 2000e-16(c)").
[3] The recent case of Harris v. Brock, 835 F.2d 1190, 1194 (7th Cir.1987) from the Seventh Circuit arrives at the directly opposite conclusion in holding that the filing deadlines under 42 U.S.C. § 2000e-16(c) are jurisdictional and consequently are not subject to waiver, estoppel or equitable tolling. In reaching its specific holding the Harris court reasoned that the plaintiff was a federal government employee and the resulting defendant, the United States, is generally immune from suit. See Id. at 1193. See also Sims v. Heckler, 725 F.2d 1143 (7th Cir. 1984); Cook v. Providence Hosp., 820 F.2d 176, 180 (6th Cir.1987) (Refused to apply equitable tolling where plaintiff filed Title VII suite after ninety day requirement holding "... the district court did not have jurisdiction to hear [plaintiff's] complaint.") But see, Banks v. Rockwell Int'l N. Am. Operations, 855 F.2d 324, 326 (6th Cir.1988); Andrews, 851 F.2d at 151.
[4] 29 C.F.R. § 1613.281(a) states that a civil action may be filed within thirty (30) days following receipt of final action taken by the agency with which the complaint is filed.
[5] In light of the discussion addressing equitable tolling, it is arguable as to whether the term "jurisdiction" as used by the Bradford court is correct.