Robinson v. Bankers Life                CV-94-296-M   05/03/95 P
                   UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Dale S. Robinson,
      Plaintiff,

      v.                                          Civil No. 94-296-M

Bankers Life and Casualty
Company; and Bruce Jordan,
      Defendants.


                              O R D E R


      Plaintiff's pro se amended complaint is written in a style
difficult to understand.  He seems to be raising federal and
state causes of action based on discrimination at the hands of
his alleged employer because of his disability, seasonal
affective disorder.  His federal claim(s), at least, suffer from
fatal defects.


      To the extent plaintiff attempts to assert a claim under the
Rehabilitation Act of 1973, 29 U.S.C. § 794, his complaint
necessarily fails because he does not allege that his employer
qualifies as a "program or activity receiving federal financial
assistance" (and it is clear that neither Defendant Bankers Life
and Casualty Company, nor Defendant Bruce Jordan, is such an

activity). To the extent plaintiff references, and asserts a claim under, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., his complaint is defective in at least two ways. First, the unrebutted affidavit filed by defendants in support of their motion to dismiss establishes that:

- Plaintiff signed a contract with Banker's Life in which he agreed to an agent/independent contractor, not an employer-employee, relationship. Plaintiff was an agent of the defendant insurance company, authorized to sell its policies in a designated territory;

- Defendant paid plaintiff strictly on a commission basis, did not deduct any amount for income tax withholding, and accounted for commissions paid using IRS form 1099;

- Defendant did not provide sick leave or paid vacation time and did not purport to set plaintiff's hours or assign specific duties. Plaintiff carried out his insurance sales efforts on a self-directed basis, providing his own transportation at his own expense, providing his own administrative support at his own expense, and setting his own schedule and level of effort;

- Plaintiff was responsible for obtaining and maintaining, at his own expense, whatever licenses or permits might be required within his assigned territory.

Given these uncontroverted circumstances, and applying an "economic realities" test to determine whether Defendant Banker's Life was plaintiff's employer, it is apparent that it was not. As in Knight v. United Farm Bureau Mutual Insurance Co., 950 F.2d 377 (7th Cir. 1991), the general absence of company control over

2

plaintiff's activities, the independent nature of his work (including methods and scheduling), the financial independence of his operation, the skills required, and the understanding of the parties as expressed in their written agreement all combine to establish plaintiff's status as an independent contractor. As Defendant Banker's Life was not plaintiff's employer within the meaning of the ADA (42 U.S.C. § 12111(5)) his complaint fails to state a claim under that Act.

In addition, suit under the ADA must be filed within 90 days of receipt of a "Right to Sue" letter from the Commission. 42 U.S.C. § 12117(a); see also 42 U.S.C. § 2000e-5. Plaintiff received his Right to Sue letter on March 8, 1994, but did not file suit (or file pleadings which, given his pro se status, was deemed sufficient to toll the statute of limitations) until June 7, 1994. The limitations period had already expired on June 6th, and plaintiff has offered no explanation for his late filing. Nothing points to defendant's interference or involvement in causing any filing delay, and no other basis exists in the record for invoking equitable tolling principles. Accordingly, plaintiff's ADA claim is also barred by the applicable statute of

3

limitations.  <u>See e.g.</u> <u>Wilburn v. Dial Corp.</u>, 724 F.Supp. 530
(W.D. Tenn. 1989).


## Conclusion

Defendants' motion to dismiss (document no. 9) is hereby granted and plaintiff's complaint is hereby dismissed to the extent it seeks to raise federal causes of action.  The court declines to exercise supplemental jurisdiction over state law claims plaintiff seeks to raise, if any, (<u>see</u> U.S.C. § 1367(c)(3)) and to that extent the complaint is also dismissed without prejudice to plaintiff's bringing any state claims he might have in state court.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

May 3, 1995

cc:  Russell F. Hilliard, Esq.
     Dale Robinson