**Robert LUCARELL, Plaintiff-Appellant,**

v.

**Kenneth McNAIR et al., Defendants-Appellees.**

**No. 71–1443.**

United States Court of Appeals, Sixth Circuit.

Jan. 7, 1972.

Nathaniel R. Jones, New York City, and Robert J. Reinstein, Philadelphia, Pa., for appellant.

Thomas C. B. Letson, Warren, Ohio, Letson, Griffith, Kightlinger & Woodall, Warren, Ohio, on brief, for appellees.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This appeal is taken from the dismissal of a civil rights action brought pursuant to Sec. 1979 of the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983. Seeking compensatory and punitive damages, the complaint charged that the appellee McNair, a Referee and Administrative Officer of the Juvenile Court of Trumbull County, Ohio, acting "under color of" state law, deprived the appellant of his civil rights. Specifically, it is alleged that McNair personally assaulted Robert Lucarell (a youth 17 years of age) during traffic violation proceedings over which McNair presided and that McNair illegally incarcerated the appellant in the local jail where he was assaulted sexually and otherwise subjected to beatings and maltreatment by other inmates.

The district court's dismissal was based upon two grounds. First, the court held that McNair's alleged assault of Lucarell during the traffic violation proceedings was not "under color of state law," stating that such an attack "was conduct . . . without the scope of his power and not an abuse of the power he did possess by virtue of state law." Second, the court held that McNair was protected from claims arising out of appellant's incarceration by the doctrine of judicial immunity. We cannot agree with either of these holdings.

It is our duty to view the allegations of the complaint in the light most favorable to the plaintiff, assuming the truth of the factual allegations contained therein. Conley v. Gibson, 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.

2d 80 (1957); L'Orange v. Medical Protective Co., 394 F.2d 57, 59 (6th Cir. 1968). Furthermore, the fact that this action was brought under one of the civil rights statutes requires us to scrutinize such a dismissal with special care.[1]

The Supreme Court has made clear that official misconduct which amounts to a deprivation of civil rights may be found to be "under color of state law" within the meaning of Section 1983 even though the misconduct violates state law or constitutes an abuse of authority. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ In light of the district court's remarks concerning the availability of a state cause of action it is significant to note the Supreme Court's statement in *Monroe,* id., that:

> It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. id. at p. 183, 81 S.Ct. at p. 482.

There is no doubt, at this late date, that Section 1983 applies to conduct, such as that here ascribed to McNair, occurring while the state official is representing the state and "wearing its badge of authority."

■ Turning to the question of McNair's asserted immunity, it is true that as Referee and Administrative Officer of the Juvenile Court of Trumbull County, McNair was entitled to the full reach of the doctrine of judicial or, in this case, quasi-judicial immunity, and that the doctrine is applicable to actions instituted pursuant to Section 1983. Nevertheless, the doctrine is not without bounds. Some time ago the Sixth Circuit stated its views as to the limits of the protection thus afforded. In Manning v. Ketcham, 58 F.2d 948 (6th Cir. 1932), we indicated the view that a judge loses all immunity when he acts in absence of all jurisdiction. This rule was discussed at some length in the more recent case of Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970). See also Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871).

■ It is the appellant's contention that the complaint sets forth a claim that McNair lacked power under Ohio law to incarcerate Robert Lucarell or anyone else. We agree. Since the Ohio statutes do not on their face confer upon juvenile court referees the power to incarcerate, and since the complaint alleges that the Referee's authority is limited to making recommendations to the juvenile court judge, we must conclude that the district court erred in applying the doctrine of judicial immunity.[2]

Accordingly, the judgment of the district court dismissing the appellant's civil rights action should be and it is hereby reversed and the case remanded for proceedings not inconsistent with this opinion.

---

1. The Third Circuit noted recently:
   A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Scher v. Board of Education of West Orange, 424 F.2d 741, 744 (3rd Cir. 1970).

2. Appellee attempts to argue that the Referee in incarcerating appellant was simply exercising his power to punish for contempt of court. Since we must look to the allegations of the complaint alone, we do not here reach the issue whether this position may be supported factually, nor whether the Referee possesses contempt powers under Ohio law.