W. Curtis WATSON, et al., Plaintiffs,

v.

The FULLER BRUSH COMPANY, et al., Defendants.

No. G82–1019 CA5.

United States District Court,
W.D. Michigan, S.D.

Sept. 13, 1983.

William J. Heaphy, Heaphy & Hebert, Holland, Mich., for plaintiffs.

David J. Parsons, Matkov, Griffin, Parsons, Salzman & Madoff, Chicago, Ill., Stephen D. Turner, Baxter & Hammond, Grand Rapids, Mich., for defendants; Floyd G. Hoffman, Consolidated Foods Corp., Chicago, Ill., of counsel.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This case presents a purported class action[1] filed by several former employees of defendant Fuller Brush Company (Fuller), a wholly-owned subsidiary of defendant Consolidated Foods Corporation (Consolidated). The plaintiffs allege that they were fired by the defendants pursuant to a policy and practice of replacing older male employees[2] with younger females. The plaintiffs seek relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, § 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, various unnamed state common-law and statutory theories, and for intentional infliction of emotional distress. The defendants have filed a motion pursuant to Rules 12(b)(1), (6), Fed.R.Civ.P., to dismiss these claims, either in part or in whole.

The Court's inquiry at this point, before the reception of any evidence by affidavit or admission, is merely whether the allegations in the complaint, when taken at face value, are sufficient to make out a right to relief. *See California Motor Trans. Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). As the Sixth Circuit has stated, "case[s] brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the] claim." *Lucarell v. McNair,* 453 F.2d 836, 838 (6th Cir.1972). To this end, motions to dismiss complaints under the civil rights acts are scrutinized with special care. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976).

The defendants seek dismissal on several grounds:

1) That plaintiff Andrew Costello's Title VII and ADEA claims should be dismissed because he failed to file administrative complaints.

2) That the Title VII and ADEA claims against Consolidated should be dismissed because Consolidated was not named in any administrative charges.

3) That the Title VII claims of all named plaintiffs who have not yet received right to sue letters should be dismissed.

4) That ERISA claims should be dismissed for failure to exhaust administrative remedies.

5) That the Court should decline to exercise its pendent jurisdiction and thereby dismiss all state law claims.

These issues shall be discussed in the order raised by the defendants.

### 1) *Plaintiff Costello's Claims*

■ The defendants argue that plaintiff Costello's claims should be dismissed because his administrative complaints were filed after he was added as a named plaintiff. The amended complaint, adding Costello, was filed on February 7, 1983 and his administrative complaints apparently were not filed until March 24, 1983.

---

1. The parties have agreed to conduct preliminary discovery regarding the class aspect of this action before the plaintiffs' motion for class certification is decided.

2. The plaintiffs were, and seek to represent, division and field managers of the Fuller Brush Company.

As the Supreme Court has recently stated, a balance should be reached in which the Court can "honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Zipes v. Trans World Airlines,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). In this case, that balance can best be reached by denying the defendants' motion on this ground. In the context of this purported class action, the fact that one named plaintiff filed his administrative complaint late does not prejudice the defendants. Since the defendants were unable to reach a settlement with the other named plaintiffs, it is unlikely that they would have been able to settle with Costello. *See Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir.1968). In fact, there is case law which would support the denial of this aspect of the motion to dismiss even if Costello had *never* filed an administrative complaint. *DeMedina v. Reinhardt,* 686 F.2d 997, 1013 (D.C.Cir.1982).

For this reason, the motion to dismiss Plaintiff Costello's Title VII and ADEA claims is denied.

### 2) *The Title VII and ADEA Claims Against Consolidated*

■ Consolidated next seeks dismissal of all Title VII and ADEA claims against it because it was not named as a party in any of the administrative proceedings. In support of its position, Consolidated cites language from Title VII that authorizes a civil action "against the respondent named in the [administrative] charge...." 42 U.S.C. § 2000e–5(f)(1). Consolidated argues that the failure to name it in the administrative charge deprived it of an opportunity to participate in any attempts at conciliation or settlement. *See also* § 7, ADEA, 29 U.S.C. § 626(d).

It appears to the Court that there may be competing interests at play here. On the one hand is the interest in encouraging conciliation and settlement in these matters. *See, e.g., LeBeau v. Libby-Owens-Ford Co.,* 484 F.2d 798, 799–800 (7th Cir.

1973). On the other hand is the interest in effectuating the remedial purposes of Title VII. *See, e.g., Zipes,* 455 U.S. at 398, 102 S.Ct. at 1135. These interests, however, are not necessarily mutually exclusive in this case.

Other courts have determined that the failure to name a party in an administrative complaint may be excused. *See, e.g., Rio v. Presbyterian Hospital,* 561 F.Supp. 325 (S.D.N.Y.1983). The Seventh Circuit has set out a four-pronged test for determining whether to excuse such a failure:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.

(2) Whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings.

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Eggleston v. Chicago Journeymen Plumbers,* 657 F.2d 890, 908 (7th Cir.1981). Under this test, "each prong must be carefully evaluated in light of both Title VII's remedial purposes as well as the interests of the parties." *Id.*

It would appear that the plaintiffs easily could have ascertained the role of Consolidated, the parent corporation of their direct employer, prior to filing their administrative complaints. It is unclear, however, whether there is reason to believe that the failure to name Consolidated was due to some representation which would fall within the fourth prong of the test.

The Court is of the opinion that the factors set out in the second and third prongs outweigh the other factors and call for the denial of this aspect of defendants' motion. As a wholly-owned subsidiary of Consolidat-

ed, Fuller, it would appear, had interests substantially similar to those of Consolidated. In addition, it does not appear that Consolidated would have been prejudiced by not having been named before the EEOC—particularly since its interests undoubtedly would or could have been protected by Fuller.[3] For these reasons, the motion to dismiss the Title VII and ADEA claims against Consolidated are denied.

### 3) *Right to Sue Letters*

It appears that some of the named plaintiffs have not yet received right to sue letters from the EEOC.[4] For this reason, the defendants seek to have those plaintiffs' Title VII claims dismissed.

■ It is clear that the receipt of right to sue letters is not necessary for all members of a plaintiff class to receive relief in a Title VII action. *See, e.g., Zipes,* 455 U.S. at 396–97, 102 S.Ct. at 1134. In the instant case, a motion to certify a plaintiff class is being held in abeyance pending the completion of preliminary discovery on the class issue. If a class is certified, the plaintiffs in question may seek relief as members of the class whether or not they ever receive right to sue letters. It would also appear that by the time the class-certification question is decided these plaintiffs will have received their letters in any event, thereby rendering moot this issue.[5]

Therefore, the motion to dismiss the Title VII claims of those named plaintiffs who have not yet received their right to sue letters is denied. The defendants may renew this motion at a later date if no class is certified (or if these plaintiffs are not members of a certified class) and if the right to sue letters are not received.

### 4) ERISA

The defendants argue that the plaintiffs' ERISA claims should be denied because of the plaintiffs' acknowledged failure to exhaust their administrative remedies. In the complaint, however, the plaintiffs allege that the administrative route would be futile and that they have been denied meaningful access to administrative remedies in any event.

The plaintiffs argue that it would have been futile to resort to the available administrative remedies because their status, as non-employees, takes them outside the coverage of the pension plan. The plaintiffs do not elaborate on their theory that they were denied meaningful access to the administrative remedies, however.

■ It is clear that both futility and denial of meaningful access to administrative remedies are valid excuses for failure to exhaust the available administrative remedies. *See, e.g., Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969); *Taylor v. Bakery and Confectionery Union and Ind. Int. Welfare Fund,* 455 F.Supp. 816, 820 (E.D.N.C. 1978). Because the Court cannot state that it appears to a certainty that the plaintiffs can prove no set of facts which would entitle them to relief, dismissal of the ERISA claims is inappropriate at this time.

### 5) *The Pendent Claims*

The defendants seek to have the Court decline to exercise its pendent jurisdiction over the state claims raised by the plaintiffs. The defendants primarily argue that it is difficult to determine the specifics of the claims alleged and that these claims therefore should be dismissed.

The Court believes that it would be inappropriate to dismiss these claims at this

---

3. In addition, since copies of several right to sue letters were sent to Consolidated by the EEOC, it would appear that Consolidated had some notice of the administrative proceedings.

4. The plaintiffs in question have all filed administrative complaints and merely await the receipt of right to sue letters.

5. In addition, at least one Circuit has reached the conclusion that entitlement to a right to sue letter, not receipt, is the key factor. *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091 (4th Cir.1982).

time. The named plaintiffs allege that these state law claims would also be class claims. It would therefore be more appropriate to await a determination of the class-certification issue and, if necessary, require the plaintiffs to file a more definite statement in the class-action context so that both the Court and the defendants would know the theories under which the plaintiffs proceed. Then, the defendants could still seek to have the Court decline to exercise its pendent jurisdiction.

For the above reasons, the motion to dismiss is denied.