803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD J. BRENNAN, Plaintiff-Appellant
v.
BEVERLY GRIFFETH; ROBERT A. MOSSING, U.S. GOVERNMENT,
Defendants-Appellees.
 No. 86-1188.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1986.
 
 1
 BEFORE: WELLFORD, MILBURN and BOGGS, Circuit Judges
 
 ORDER
 
 2
 The plaintiff moves for in forma pauperis status and a return of his appellate filing fee on appeal from the district court's order dismissing his civil rights case. The plaintiff is requesting a return of his filing fee because of his poor financial situation. While he may have been entitled to in forma pauperis status if he had made the proper motion at the beginning of this appeal, it would not be appropriate at this time to grant such status and return the filing fee.
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The plaintiff is a resident of St. Thomas, Ontario, Canada. The defendants are a deputy clerk and the clerk of the district court in Detroit, Michigan, as well as the United States. The plaintiff sued the defendants because the deputy clerk returned a complaint to the plaintiff unfiled. The plaintiff alleged that this action violated his rights under the federal constitution. He requested over $68,000,000 in damages.
 
 
 5
 The district court held that that suit against the United States was barred by the doctrine of sovereign immunity. Even construing the plaintiff's case to state a cause of action under the Federal Tort Claims Act, it is clear from the record that the plaintiff failed to file an administrative claim which is prerequisite to such an action. 28 U.S.C. Sec. 2675(a); Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982) (per curiam). So the district court is correct that the claim against the United States must be dismissed.
 
 
 6
 Concerning the individual defendants, this Court has held that officers of the court are entitled to absolute quasi-judicial immunity. Smith v. Martin, 542 F.2d 688, 690-91 (6th Cir. 1976) (per curiam), cert. denied, 431 U.S. 905 (1977); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir. 1973) (per curiam); see also Johnson v. Granholm, 622 F.2d 449, 450 (6th Cir. 1981) (per curiam), cert. denied, 457 U.S. 1120 (1982); and Lucarell v. McNair, 453 F.2d 836, 839 (6th Cir. 1972). Even if the individual defendants are not entitled to absolute quasi-judicial immunity, the district court was correct to hold that they are entitled to a qualified immunity in this case because their actions did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 7
 The motion for in forma pauperis status and a return of the appellate filing fee is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.