**Lee Daniel WHITE, Plaintiff,**

v.

**The CITY OF MUSKEGON, MICHIGAN, a municipal corporation, Defendant.**

**No. 1:90–CV–398.**

United States District Court, W.D. Michigan.

Oct. 25, 1990.

Walter L. Harrison, Grand Rapids, Mich., for plaintiff.

Richard H. Winslow, Judy A.H. Hughes, Cummings, McClorey, Davis & Acho, P.C., Battle Creek, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Lee Daniel White brings this civil rights action against the city of Muskegon under Title 42 United States Code Section 1983. Now pending before this Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, defendant's motion to dismiss is GRANTED.

### I.

For the purposes of Rule 12(b)(6) analysis, the facts as stated in the complaint are treated as true. On May 14, 1987, Lee Daniel White was stopped for a routine traffic violation in Grand Rapids, Michigan. At that time he was mistakenly arrested pursuant to an outstanding felony arrest warrant for Lee White. The warrant was issued by the city of Muskegon in connection with an alleged assault with a danger-ous weapon which occurred on October 17, 1984. Plaintiff is not the Lee White named in the arrest warrant and is innocent of the alleged assault.

After being arrested, plaintiff was transferred to the custody of the city of Muskegon. Despite his protestations that the police had the wrong man, plaintiff was held overnight at the Muskegon County Jail. He was arraigned before the 60th District Court on May 15, 1987. Bond was set at $2000/ten percent; it was posted and plaintiff was released from the Muskegon County Jail the same day. Charges were later dismissed when the victim of the alleged assault identified the plaintiff as not being the Lee White in question.

In the present Section 1983 action, plaintiff does not challenge the validity of the arrest warrant nor does he make a claim for false arrest. Instead his claim rests on his allegedly unlawful detention and continued prosecution which resulted from defendant's unsatisfactory suspect identification procedures. He argues that defendant's agents identified him as a felony suspect based solely on the fact that plaintiff had the same name and was of the same race as the Lee White sought in the warrant. Plaintiff contends that a more thorough investigation is required under the fourteenth amendment, especially considering that Lee White is a "common name." He states that it would have been very easy for defendant's agents to ascertain that he was not the man they wanted, but they refused to take any actions whatsoever to confirm his identity. As a result of defendant's constitutionally deficient identification procedures, plaintiff charges that he "was deprived of his liberty and was subjected to the extreme anxiety of being charged with a serious felony of which he knew he was not guilty and as to which his protestations appeared to be falling upon deaf ears." Plaintiff's Complaint at 3.

### II.

The motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court's inquiry at this point, before the reception of any evidence

by affidavit or admission, is merely whether the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the pleading are taken at "face value," *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[W]ell pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion." *Davis H. Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir.1975). All reasonable inferences which might be drawn from the pleading must be indulged. *Fitzke v. Shappell,* 468 F.2d 1072, 1076 n. 6 (6th Cir.1972). The court must deny the motion to dismiss unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

Furthermore, "[a] case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Lucarell v. McNair,* 453 F.2d 836, 838 n. 1 (6th Cir.1972).

### III.

In *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the Supreme Court was presented with a factual situation substantially similar to the one presented here. In that case respondent was arrested and detained for eight days based on an outstanding warrant which sought his brother in connection with a narcotics violation. The confusion as to the suspect's true identity arose because his brother presented a false identification to police when he was originally arrested. Respondent's brother was released on bond

and some time later a new warrant was issued for his arrest. Respondent was mistakenly arrested and detained under the warrant issued for his brother. It appears that a simple fingerprint comparison would have immediately exonerated the respondent.

In determining that respondent failed to state an actionable constitutional claim based on his detention by the county sheriff, the Supreme Court held:

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects against deprivations of liberty accomplished "without due process of law." ... Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim.

*Baker v. McCollan,* 443 U.S. at 145–46, 99 S.Ct. at 2695.

In the present case plaintiff's quarrel is with "the official charged with maintaining custody of the accused named in the warrant." Read in the light most favorable to him, plaintiff's claim is that the city of Muskegon had a duty to implement a procedure whereby the identity of suspects with common names is quickly verified. Assuming for the sake of argument that Lee White is a common name, under the rationale of *Baker* plaintiff has failed to allege a deprivation of constitutional proportions. Muskegon has no duty to verify every claim of innocence made by a suspect. As the *Baker* court stated, "The Constitution does not guarantee that only the guilty will be arrested." *Baker,* 443 U.S. at 145, 99 S.Ct. at 2695. It likewise does not guarantee that only the guilty will be detained or charged in a criminal complaint. Plaintiff's innocence of the crime

832

charged in the warrant may be relevant to a tort claim for false imprisonment, but it is "largely irrelevant to his claim of deprivation of liberty without due process of law." *Id.* at 145, 99 S.Ct. at 2695.

The Sixth Circuit has followed this reasoning in determining that a woman who was mistakenly arrested for failing to appear in traffic court did not state a claim for deprivation of her liberty interest under the fourteenth amendment. Notwithstanding the fact that the error could easily be verified by comparing the reminder card issued by the court, which set plaintiff's appearance date for October 23, 1986, with the court's calendar, which mistakenly set her court date for October 16, 1986, the court concluded, "Of course, a more sensitive group of public employees might have made the additional investigation, but the Constitution did not require it." *Masters v. Crouch*, 872 F.2d 1248, 1252 (1989). *See also Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir.1988) (A policeman is under no obligation to give any credence to a suspect's explanation of his innocence).

This Court agrees that a more sensitive treatment of plaintiff's claims of innocence would have led to his immediate release from the defendant's custody and plaintiff may have been spared the distress of being charged with a felony. However, *Baker v. McCollan* forecloses plaintiff's claim that defendant deprived him of his constitutional right to liberty without due process of law.

### IV.

For the reasons stated above, defendant's motion to dismiss is GRANTED and plaintiff's complaint is dismissed with prejudice.