NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0272n.06

Case No. 23-5865

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KAYLA MASSEY, as mother of J.L., a minor,

 Plaintiff-Appellant,

v.

CORECIVIC, INC., CORECIVIC OF
TENNESSEE, LLC, DAMON T. HININGER,
STEVEN CONRY, VANCE LAUGHLIN,
GRADY PERRY, ELAINA RODELLA, and
DOES 1–15,

 Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Jun 21, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

O P I N I O N

Before: BATCHELDER, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Kayla Massey sued CoreCivic, Inc. and other defendants, claiming that her child's father, an inmate at a CoreCivic prison, died because of unconstitutional policies and practices. The district court dismissed Massey's complaint. We **AFFIRM**. The complaint did not state a claim because it did not plausibly allege causation.

## I.

Joshua Cody Lloyd was an inmate at South Central Correctional Facility (SCCF) in Tennessee. According to Massey's complaint, on January 22, 2022, Lloyd was "brutally beaten" by other inmates, and no prison staff were present to prevent the attack. R. 15, Am. Compl., p. 5, PageID 734. Afterward, Lloyd complained of "severe abdominal pain" and looked pale, but "he received no significant medical attention." *Id.* That night, Lloyd was found unresponsive at 3:28

a.m. and pronounced dead at 5:05 a.m. Lloyd's autopsy revealed "numerous blunt force injuries," including fractured ribs and internal bleeding. *Id.* at 5–6, PageID 734–35. The blunt force injuries caused Lloyd's death.

Kayla Massey filed a lawsuit on behalf of her and Lloyd's minor child, J.L. She sued CoreCivic, Inc., the private prison company that operates SCCF; CoreCivic of Tennessee, LLC, a subsidiary of CoreCivic, Inc.; various CoreCivic employees; and fifteen unknown defendants identified as Does 1–15.[1] Massey blamed CoreCivic for Lloyd's death:

> Plaintiff believes and alleges that Mr. Lloyd's brutal murder occurred as a direct result of the unconstitutional policies and practices of Defendants including failing to appropriately classify inmates at SCCF so that high-risk violent inmates are housed separately from nonviolent low-risk inmates such as Mr. Lloyd, failing to adequately staff SCCF to ensure that enough guards are present to prevent the type of inmate-on-inmate violence that Mr. Lloyd suffered, failing to adequately train staff at SCCF in the prevention of inmate-on-inmate violence and the adequate provisioning of medical care to inmates, and failing to provide adequate medical care to inmates at SCCF.

*Id.* at 6, PageID 735. The complaint pointed to a combination of "incidents, investigations, media reports, and lawsuits" to show CoreCivic's deliberate indifference. R. 23, Dismissal Mem., p. 5, PageID 1446.[2] Massey brought claims under the Eighth Amendment, Tennessee tort negligence, and Tennessee's wrongful-death statute.

The district court dismissed Massey's amended complaint. The district court found the complaint failed to state an Eighth Amendment claim, dismissed the claims against Does 1–15 as time-barred, and declined to exercise supplemental jurisdiction over the remaining state-law claims. As for CoreCivic, the district court reasoned that Massey did not "actually draw a causal

---

[1] Massey sued the warden and several CoreCivic executives. She did not name as defendants any of the guards or medical personnel on duty at the time of the attack.

[2] Massey attached over 600 pages of documents from other litigation against CoreCivic to her complaint.

link between problems at SCCF and Lloyd's death" because the complaint had "essentially *no* facts" about the circumstances of Lloyd's death. *Id.* at 21, PageID 1462.

Massey timely appealed. She challenges only the dismissal of her claim against CoreCivic and does not appeal the district court's dismissal of her claims against individual CoreCivic employees.

## II.

This appeal focuses on a narrow issue: What must a plaintiff plead to establish that allegedly unconstitutional policies caused an injury? Massey alleged various unconstitutional policies and customs under *Monell v. Department of Social Services*, 436 U.S. 658 (1978): improper inmate classification, inadequate inmate supervision, inadequate staffing and training, and inadequate medical care. Putting aside the existence and constitutionality of these pleaded policies and customs, the question before us is whether the amended complaint plausibly alleges that they caused Lloyd's death.[3]

A plaintiff bringing a *Monell* claim must allege causation. *See Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038–40 (6th Cir. 2024). The particular injury must have been suffered because of the execution of an unconstitutional policy. *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996). Plaintiffs must show both factual but-for causation and proximate causation. *Gambrel v. Knox County*, 25 F.4th 391, 408 (6th Cir. 2022).

The trial court determined that Massey had alleged "essentially *no* facts" aside from bare assertions that Lloyed was assaulted, that no prison guards witnessed or stopped the incident, and that Lloyd didn't receive medical care after complaining about severe abdominal pain and

---

[3] Although CoreCivic is a private corporation, it is "operating a prison," which is a "traditional state function." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (quotation omitted). Therefore, CoreCivic can act under color of state law for purposes of 42 U.S.C. § 1983. *See id.*

appearing pale. R. 23, p. 21, PageID 1462. The court concluded that "plaintiff fails to establish a *prima facie* showing of the requisite causal connection between CoreCivic's allegedly serious shortcomings and the injuries at issue in this case." *Id.*

We agree. The complaint does not plausibly allege that the execution of an unconstitutional policy was a but-for cause of Lloyd's death. Rather, it is unclear whether any of the alleged policies or customs contributed to Lloyd's death. The complaint says Lloyd received "no *significant* medical attention," R. 15, p. 5, PageID 734 (emphasis added), but it does not specify what medical care Lloyd received and what medical care would have been appropriate. Nor does the complaint allege the classification of the inmates who killed Lloyd or whether they were misclassified. And it says that no staff "were present to prevent the attack," *id.*, but it does not allege any reason for the absence of guards or that SCCF was actually understaffed at the time.

Thus, Massey failed to state a claim and was not entitled to discovery. Under the pleaded facts, poor training or staffing or another unlawful CoreCivic policy might have caused Lloyd's death. But it is also possible that an employee's negligence was to blame—or that Lloyd would have died even if CoreCivic personnel did nothing wrong. To survive a motion to dismiss, a plaintiff's claims must be plausible, not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Massey does not meet that standard.

Massey argues for a more liberal pleading standard. She says a claim should be dismissed only if "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Appellant Br. at 13 (alterations in original) (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). But the Supreme Court has overruled the no-set-of-facts standard. *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 561–62 (2007)).  Facts that are "merely consistent with" liability are insufficient.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Massey also argues that dismissal of a civil-rights complaint should be "scrutinized with special care."  Appellant Br. at 15 (quoting *Gazette*, 41 F.3d at 1064).  Our first case to use the language of "special care" relied on a Third Circuit opinion that applied the obsolete no-set-of-facts standard.  *See Lucarell v. McNair*, 453 F.2d 836, 838 & n.1 (6th Cir. 1972) (citing *Scher v. Bd. of Educ.*, 424 F.2d 741, 744 (3d Cir. 1970) (per curiam)).  Given that *Iqbal* itself involved alleged civil-rights violations, *Iqbal*, 556 U.S. at 666, we hold that its ordinary pleading standard applies to civil-rights cases.  No "special care" is required.

### III.

We **AFFIRM** the dismissal of Massey's amended complaint.