**Kannas YOUSEF, Plaintiff,**

v.

**BORMAN FOODS, INC., Defendant.**

**Civ. No. 86–73189.**

United States District Court, E.D. Michigan, S.D.

June 26, 1987.

---

Seymour Floyd, Detroit, Mich., for plaintiff.

Charles Rudy, Detroit, Mich., for defendant.

## MEMORANDUM

COHN, District Judge.

This is an employment discrimination case alleging national origin discrimination (plaintiff is "a United States citizen of Palestinian descent and a follower of the Muslim religion") in violation of 42 U.S.C. § 2000e(b) (Title VII) and Michigan's Elliott-Larsen Civil Rights Act, Mich.Stat. Ann. § 3.548(202) [M.C.L.A. § 37.2202] (Elliott-Larsen). The Elliott-Larsen claim, which entitles plaintiff to a jury trial, is pendent to the Title VII claim on which there is no jury trial. At the final pre-trial conference held on June 9, 1987 and in the joint pre-trial statement filed June 15, 1987, defendant raised the question of plaintiff's right to a jury trial.

The question of a jury trial depends on whether the court has the power, and whether it will exercise its discretion, to take pendent jurisdiction over the Elliott-Larsen claim. In *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966), the Supreme Court set out the test for determining whether a federal court should exercise jurisdiction over pendent state claims. First, the court must have the constitutional power to exercise pendent jurisdiction. Here, the power exists because the Title VII claim is a substantial federal claim and

> both the state and federal claims derive from a common nucleus of facts so that plaintiff would "ordinarily be expected to try them all in one judicial proceeding."

*Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir.1986) (citing *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138).

Second, under *Gibbs* the focus is on the court's discretion to exercise its power with an emphasis on judicial economy, convenience and fairness to the litigants. 383 U.S. at 726, 86 S.Ct. at 1139. The complaint, including a demand for a jury trial, was filed on July 28, 1986. In its answer, defendant raised an affirmative defense of "an improper attempt to join in this litigation a pendent claim under [Elliott-Larsen]." The Court held a status conference on September 30, 1986. A challenge to the Elliott-Larsen claim was not mentioned. A pre-trial and scheduling order was entered October 2, 1986 setting a discovery cut-off date of January 31, 1987, a final pre-trial conference on May 26, 1987 and a trial date of July 6, 1987. Not until the final pre-trial conference was the jury trial issue called to the Court's attention. Because of defendant's delay in raising the question, the Elliott-Larsen claim will not be dismissed. Whether or not a case is to be tried to a jury should be determined in the early pre-trial stages of litigation, not on the eve of trial. As explained in *Bradford v. General Telephone Co. of Michigan*, 618 F.Supp. 390, 397 (W.D.Mich.1985), "[i]t would be unfair to Plaintiff, ..., given that his case has been before the court for [almost one year] ..., to force him to refile all his state law claims against Defendant Company in State Court." Thus, the court in *Bradford* exercised pendent jurisdiction over plaintiff's Elliott-Larsen claims which were related to his Title VII claims.

Defendant relies on *Jong-Yul Lim v. The Int'l Inst. of Metropolitan Detroit, Inc.,* 510 F.Supp. 722 (E.D.Mich.1981), a Title VII sex discrimination case with pendent state claims, in which the court declined to exercise pendent jurisdiction over plaintiff's state law claims. The court in *Jong-Yul Lim* examined two post-*Gibbs* Supreme Court cases, *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Owen Equipmt. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), and determined that the *Gibbs* test now contained a third requirement: in deciding whether it has the power to hear pendent state claims, the court must also examine the underlying statutory grant of jurisdiction. After examining Title VII and focusing on its limited grant of relief and specific procedural limitations, the court held that "Congress has, by implication, negated the exercise of jurisdiction over the particular non-federal claims set forth in the complaint." *Jong-Yul Lim,* 510 F.Supp. at 725. However, *Jones v. Intermountain Power Project,* 794 F.2d 546 (10th Cir.1986), holds to the contrary and is a better reasoned decision.

After recognizing the necessity of examining the underlying statutory grant of jurisdiction in pendent claims cases, the court of appeals in *Jones* noted its examination of both the text and the Congressional Record relating to Title VII and concluded the search:

> reveals nothing to suggest an intent to negate pendent jurisdiction. [citation omitted]. When Title VII is construed together with the long-standing presumption in favor of pendent jurisdiction and district courts' broad discretion to assume jurisdiction over pendent claims, we find nothing unclear about Title VII. Against the backdrop of the volume of pendent jurisdiction cases, one would be surprised if Congress did not deal expressly with the issue if it intended to change the general law. It did not do so here.

. . . .

Moreover, Congress has twice rejected amendments making Title VII an exclusive remedy. [citations omitted.] Additionally, the Supreme Court has held that Title VII claims may be joined with other federal claims for discrimination even though the other federal claims provide for a jury trial and a full range of legal as well as equitable remedies.

. . . .

That Congress intended Title VII cases to be "in every way expedited" does not, in our view, mean that Congress implicitly negated the exercise of jurisdiction over non-Title VII claims. This argument ignores the Supreme Court's decisions holding that Title VII claims may be joined with other federal claims. The notion that expedited disposition is one of the congressional objectives in Title VII cases is too thin a reed on which to hand some imagined congressional intent to repeal pendent claims jurisdiction.

The reasoning in *Jones* effectively counters the arguments in *Jong-Yul Lim.*

The court of appeals in *Jones* also pointed out that because Title VII claims can only be filed in federal court, absent an exercise of pendent jurisdiction over related state law claims, plaintiff could not have all of his claims heard together in one forum. 794 F.2d at 553. Therefore, the court of appeals was unwilling to require Title VII claimants with pendent state claims to bifurcate their cases. *Id.* The same reasoning applies here.

Since all three prongs of the *Gibbs* test have been met and because of defendant's delay in raising the jury trial issue, the Elliott-Larsen claim will not be dismissed.